THE STATE, EX REL. FLOWER, APPELLANT, *v.* ROCKER, JUDGE, ET AL., APPELLEES.

(No. 77-343—Decided December 14, 1977.)

*Messrs. Van Aken, Bond, Withers & Asman; Mr. William R. Van Aken* and *Mr. Robert J. Asman,* for appellant.
*Mr. Paul R. Donaldson,* director of law, and *Ms. Chrystine I. Romaniw,* for appellees.

*Per Curiam.* The issue is whether appellant has stated a claim upon which a writ of prohibition could possibly issue.

The conditions prerequisite to issuance of a writ of prohibition include: " '* * * (1) The court or officer against whom it is sought must be about to exercise a judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power.' " *State, ex rel. Rouault,* v. *Common Pleas Court* (1977), 50 Ohio St. 2d 65, at page 66.

The Shaker Heights Municipal Court has subject-matter jurisdiction over replevin actions. That jurisdiction includes the power to make rulings concerning possible defenses in relation to replevin actions, including the affirmative defense of *res judicata.* Hence, the trial court did not usurp its judicial power.

Appellant asserts further that the Shaker Heights Municipal Court has no power to decide the replevin action as, between courts of concurrent jurisdiction, the one whose power is first invoked acquires the right to adjudicate the entire issue to the exclusion of other tribunals. See *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279. That principle, however, has no application to the instant cause as the first action had been terminated before the second action was commenced.

Prohibition is not available as a substitute for appeal which provides an adequate remedy at law for appellant in this cause.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, McCORMAC, P. BROWN, SWEENEY and LOCHER, JJ., concur.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.