The STATE of Ohio, Appellee,

v.

HARMON, Appellant.

[Cite as *State v. Harmon* (1995), 103 Ohio App.3d 595.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–94–90.

Decided June 20, 1995.

*David E. Bowers,* Allen County Prosecuting Attorney, and *Gary R. Hermon,* Assistant Prosecuting Attorney, for appellee.

*Donald W. Harmon, pro se.*

---

Evans, Judge.

Petitioner-appellant ("appellant") Donald W. Harmon appeals from an order of the Court of Common Pleas of Allen County dismissing his petition for post-conviction relief pursuant to R.C. 2953.21. For the reasons that follow, the judgment of the trial court is affirmed.

## I

In December 1993, the Allen County Grand Jury indicted the appellant with one count of grand theft, a violation of R.C. 2913.02(A)(1). The indictment contained a specification of a prior offense of violence, as set forth in R.C. 2941.143. At the time of the indictment, the appellant had been convicted of two or more theft offenses, making his grand theft indictment a felony of the third degree. Following his indictment, the appellant entered a plea of not guilty.

At a June 3, 1994 pretrial hearing, the appellant withdrew his not guilty plea and tendered a guilty plea to an amended indictment of grand theft with a prior offense of violence specification. The amended indictment deleted the allegations of the appellant's two prior theft convictions in exchange for the appellant's plea of guilt, lowering the appellant's grand theft indictment to a felony of the fourth degree. The trial court accepted the appellant's guilty plea, and in July 1994 sentenced the appellant to an indefinite term of three to five years confinement in a state penal institution. The appellant did not directly appeal his final judgment of conviction pursuant to App.R. 4(A).

On November 7, 1994, the appellant petitioned the trial court for post-conviction relief, claiming that the trial court unconstitutionally applied R.C. 2941.143. R.C. 2941.143 permits a trial court to impose an indefinite term of incarceration pursuant to R.C. 2929.11(B)(6) or (7) where an accused has been convicted of a prior offense of violence. On November 9, 1994, the state moved to dismiss the petition, arguing that the appellant did not allege facts that would render the trial court's judgment void or voidable. In particular, the state directed the trial court to our decision in *State v. Steiner* (Nov. 29, 1988), Marion App. No. 9-88-16, unreported, 1989 WL 145132, where we held that R.C. 2941.143 was neither an ex post facto law nor violative of the Constitution. In an

order/entry dated November 14, 1994, the trial court granted the state's motion and dismissed the appellant's petition for postconviction relief.

From this final order the appellant brings this appeal.

## II

The appellant asserts two assignments of error for our review:

"Assignment of Error No. 1

"To enhance a sentence using an alleged prior conviction of violence which occurred prior to the enactment of the enhancement statute violates Articles I and II and Sections 10 and 28 of the Ohio Constitution."

■ The appellant's first assignment of error is barred by the doctrine of *res judicata.* In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph seven of the syllabus, the Supreme Court of Ohio held:

"Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.,* Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him."

The appellant did not directly appeal his final judgment of conviction as permitted by right under App.R. 4(A). The appellant's contention that a statute imposing an additional penalty based upon the existence of a previous conviction is an ex post facto law could have been raised on direct appeal based upon the evidence contained in the trial court record. Consequently, the appellant is now precluded from raising this constitutional argument in a petition for postconviction relief. Furthermore, the appellant fails to offer any evidence dehors the record in support of his constitutional claim.

The appellant's first assignment of error is overruled.

"Assignment of Error No. 2

"The trial court erred by imposing an indefinite term of imprisonment for a non-violent fourth degree felony theft offense when the indictment failed to contain a valid specification in the required form as mandated by Revised Code Section 2941.143."

■ The appellant did not contest the validity of the specification contained in the indictment in his petition for postconviction relief. Failure to raise this matter at the trial court level constitutes a waiver of this issue at the appellate court level. See *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526–527.

Furthermore, we conclude that the appellant's claims in this assignment of error are demonstrated on the record, and therefore could have been raised on direct appeal from the judgment of conviction. Therefore, the appellant's second assignment of error is also barred by the doctrine of *res judicata.* See *State v. Perry,* 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraphs seven and nine of the syllabus.

The appellant's second assignment of error is overruled.

### III

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.