Defendant-appellant Cloise Hill appeals from the trial courts denial of his motion to correct his sentence. Defendant contends the imposition of an indefinite sentence for having a weapon while under disability (R.C. 2923.13) with a separate sentence for a firearm specification was contrary to law and the jury findings in the case. We find no reversible error and affirm.
On June 19, 1995, defendant was indicted on charges of attempted murder (R.C. 2923.02/2903.02), felonious assault (R.C.2903.11) and having a weapon while under disability (R.C.2923.13). Each charge in the indictment contained a firearm specification and a violence specification.
The case was tried before a jury. Prior to the calling of the first witness, the court instructed the jury on defendant's past conviction for burglary which constituted the disability offense for the charge of having a weapon while under disability. (Tr. 23). This instruction was given to the jury without reference to the violence specification, a matter agreed upon by both the prosecutor and defense counsel. (Tr. 21-22)
The attempted murder charge was dismissed on defendants Crim. R. 29(A) motion for acquittal. Defendant was found not guilty on the felonious assault charge. However, the jury did find the defendant guilty on the having a weapon while under disability charge. Defendant was sentenced to three years on the firearm specification and one and one-half to five years on the underlying offense.
Defendant filed a direct appeal arguing that the trial court erred in refusing to instruct the jury on self defense as to the disability charge. He also asserted "other errors occurring at the trial to the prejudice of the Defendant and apparent on the face of the record." (Alpt's Brf. p. 1). This Court found that the trial court conviction and sentencing were proper and affirmed. State v. Hill (July 21, 1997), Cuyahoga App. No. 70930, unreported. Defendant's further appeal to the Supreme Court was denied. State v. Hill (Nov. 28, 1997), Supreme Court No. 97-1783.
On January 9, 1998. defendant filed a motion to correct sentence which was denied by the trial court leading to the instant appeal.
Defendants sole assignment of error states:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO CORRECT SENTENCE.
R.C. 2929.11 lists the penalties for a felony conviction. At the time of defendant's conviction, R.C. 2929.11 provided that:
 (A) Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder, except as provided in Division (D), (E), or (H) of this section or section 2929.23
of the Revised Code shall be imprisoned for an indefinite term and, in addition, may be fined or required to make restitution, or both.
* * *
 (D) Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not during the commission of the offense, cause physical harm to any person or make actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, and who has not been previously convicted of an offense of violence shall be imprisoned for a definite term, and, in addition may be fined or required to make restitution.
 The terms of imprisonment shall be imposed as follows:
 (2) For a felony of the fourth degree, the term shall be six months, one year, or eighteen months.
In the present case, none of the exceptions to R.C. 2929.11
apply: the defendant had a prior conviction for a felony of violence in that he was convicted of burglary in 1980 (see Tr. 383); this was not one of the specific offenses in division (E) of R.C. 2929.11. Consequently, we find that defendant was properly sentenced in accordance with the applicable R.C.2929.11.
Nevertheless, defendant argues that the trial court erred in failing to instruct the jury on the issue of the violence specification. Defendant contends that it is illegal to sentence him to an indefinite term without a finding by the jury as to the violence specification.
However, "constitutional issues cannot be considered in post conviction proceedings under section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of syllabus. In the instant case, the trial court, when discussing jury instructions as to the disability charge, asked if the requested instruction was to be given without reference to the violence specification and the defense counsel acquiesced, "fine judge." (Tr. 21). Defendant did not raise the issue of the violence specification on direct appeal preferring to base his appeal on the trial courts refusal to instruct the jury on self defense to the disability charge. Defendant had the opportunity to bring up the present claim both during trial and on direct appeal, but failed to do so on either occasion. Thus, the doctrine of res judicata applies to this case and defendant is barred from raising the present issue in this forum. State v. Reynolds (1997), 79 Ohio St.3d 158, 162; State v.Harmon (1995), 103 Ohio App.3d 595, 598.
Assuming arguendo that defendant's claim was not barred by resjudicata, it still fails on the merits. The trial court instructed the jury that the disability in question stemmed from a past conviction "for a felony of violence, that being burglary." (Tr. 383). The jury, having been shown evidence verifying defendants past conviction of burglary, found him guilty under the disability charge. It necessarily follows that for the jury to have found defendant guilty of the disability charge, they must have also found the requisite felony of violence requirement needed to convict defendant of the violence specification.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J. and ROCCO, J. CONCUR.
 ________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.E. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct. Prac. R. 112, Section 2(A)(1).