JOURNAL ENTRY AND OPINION
Defendant James E. Walls appeals from the determination that he is a sexual predator. For the reasons set forth below, we affirm.
On April 8, 1980, defendant was indicted in case no. CR 54417 for rape and kidnapping. Defendant subsequently entered into a plea agreement with the state whereby the rape charge was reduced to gross sexual imposition and the kidnapping charge was dismissed. On June 18, 1980, defendant pleaded guilty to gross sexual imposition and he was sentenced to two to five years incarceration which was suspended.
The record further reveals that defendant was subsequently indicted in CR 163254 for aggravated murder and aggravated robbery. Thereafter, on August 31, 1981, the trial court in case no. 54417 determined that he violated the terms of his probation and it sentenced defendant to two to five years incarceration, consecutive to his imprisonment in case no. 163254.
Defendant has supplemented the appellate record to further demonstrate that in 1997, within case no. 163254, the state of Ohio attempted to have defendant designated a sexual predator. The supplemental record demonstrates that on September 17, 1997, the trial court determined that the sexual predator law violated the ex post facto clause of the Ohio Constitution, and it denied the state's request. The court held, in relevant part, as follows:
 The court declines to make a finding in this matter and further finds that application of House Bill 180 to this defendant to be violative of the retroactive clause of the U.S. Constitution and the retroactive clause of the Ohio Constitution.
Thereafter, on August 10, 2000, in case no. 54417, the state notified the trial court that it had received a recommendation from the Department of Rehabilitations and Corrections that defendant should be adjudged a sexual predator. Defendant maintained that the trial court had no jurisdiction to designate defendant a sexual predator because, he claimed, there was no recommendation from the Department of Rehabilitation and Corrections in this instance[1] and, because it was unclear whether defendant was, at the time of the hearing, incarcerated for a sexual offense or the offenses set forth in Case No. CR 163254. After raising these contentions, defendant stipulated that he is a sexual predator. He now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 AS WAS HELD BY THE THIRD DISTRICT COURT OF APPEALS IN STATE V. DICK, THE TRIAL COURT ERRED BECAUSE THE DOCTRINE OF RES JUDICATA PRECLUDED A SECOND HEARING WHERE THE APPELLANT'S FIRST HEARING WAS DISMISSED ON CONSTITUTIONAL GROUNDS AND THE STATE FAILED TO APPEAL THE TRIAL COURT'S FIRST DECISION.
Within this assignment of error defendant maintains that the trial court's determination in CR-163254 on September 12, 1997, that the statutory scheme for the registration of sexual predators and other offenders violates the ex post facto clause of the Ohio Constitution precluding the trial court from determining that defendant is a sexual predator in this matter.
In State v. Dick (2000), 137 Ohio App.3d 260, the Court determined that where the trial court had previously determined that the sexual offender classification statute violated the constitutional prohibition against retroactive laws and the state did not appeal that ruling, the state was barred from initiating proceedings to label defendant as a sexual predator subsequent to the Supreme Court's holding in State v. Cook (1998), 83 Ohio St.3d 404, 414-23, that the statute does not violate prohibition against retroactive laws. The Court stated as follows:
 Res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See id. at 382. "An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. City of Whitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (emphasis added).
 Moreover, in the context of post-conviction relief, this Court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a res judicata bar to a subsequent attempt to litigate issues that could have been raised on a direct appeal. See, e.g., State v. Harmon(1995), 103 Ohio App.3d 595, 598, 660 N.E.2d 532.
* * *
 Both proceedings dealt with the same solitary issue: defendant's sexual offender status under R.C. Chapter 2950. The procedural differences between the two proceedings have no effect on the nature of the cause of action before the trial court.
* * *
 The fact that the trial court's decision was based on what was ultimately determined to be an incorrect statement of the law is of no consequence, as the Supreme Court has held that "there is no exception in the doctrine of res judicata for merely erroneous judgments." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 110, 227 N.E.2d 55.
Applying the foregoing, we hold that the trial court's determination in the later case, CR-163254, which dealt defendant's sexual offender status under R.C. Chapter 2950, and which became final, bars the proceedings, undertaken in this, the earlier case, regarding whether defendant is a sexual predator under R.C. Chapter 2950. That is, the instant claim from the earlier case, arises out of the same transaction or occurrence that was the subject matter of the subsequent action, and although it was not separately litigated, is an issue that could have been litigated by the parties at that time.[2]
Nonetheless, "res judicata is an affirmative defense that does not divest the second tribunal of subject-matter jurisdiction." State ex rel. Wilson-Simmons v. Lake City. Sheriff's Dept. (1998), 82 Ohio St.3d 37,40, 693 N.E.2d 789; Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120, 122, 656 N.E.2d 684, 687; State ex rel. Flower v. Rocker (1977), 52 Ohio St.2d 160, 162, 370 N.E.2d 479, 480. Thus, res judicata can be waived. State v. Apanovitch (1995), 107 Ohio App.3d 82,89. In this instance, defendant did not assert the defense of res judicata in the proceedings before the trial court. Rather, after filing a notice of appeal, defendant sought leave, and was granted leave to supplement the record in order to submit journal entries from case no. 163254. This was not the proper time for asserting the affirmative defense of res judicata and accordingly that affirmative defense is waived.
The first assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN VIOLATION OF OHIO'S SEXUAL PREDATOR STATUTE WHEN IT CONDUCTED THE INSTANT HEARING AFTER THE DEPARTMENT OF REHABILITATION AND CORRECTIONS PROVIDED THE TRIAL COURT WITH A SEXUAL PREDATOR SCREENING INSTRUMENT THAT FAILED TO DELINEATE ANY FACTORS THAT SUGGESTED THAT THE APPELLANT WAS A RISK TO RE-OFFEND.
Defendant next contends that the trial court's determination that he is a sexual predator must be vacated because the recommendation from the Department of Rehabilitation and Corrections did not adequately inform the court of the factors which indicate that he is likely to re-offend.
In State v. Hardy, 1997 Ohio App. LEXIS 4643 (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported, this court held that the language regarding the recommendation from the Department of Rehabilitation and Correction merely establishes an additional mechanism by which the trial court may consider the issue of whether an offender is a sexual predator; it is not a jurisdictional requirement which must be fulfilled in order for the trial court to engage in the sexual predator determination. Accord State v. Blair, 1999 Ohio App. LEXIS 2435 (May 27, 1999), Cuyahoga App. No. 73975, unreported; State v. Owen, 1999 Ohio App. LEXIS 601 (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported; State v. Clark, 1999 Ohio App. LEXIS 1371 (March 29, 1999) Clermont App. No. Case No. CA98-11-103,, unreported.
In accordance with the foregoing, this assignment of error lacks merit.
Defendant's third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
Within this assignment of error, defendant asserts that the sexual predator scheme violates due process since the determination is made years before his release. The proper time, he argues, is immediately prior to release from incarceration. However, because defendant stipulated that he is a sexual predator, this claim is moot. In any event, this contention was rejected in State v. Green (April 26, 2001), 2001 Ohio App. Lexis 1864, Cuyahoga App. No. 77771, unreported; State v. Steele (Sept. 7, 2000), 2000 Ohio App. LEXIS 4046, Cuyahoga App. No. 76205, unreported at p. 10; State v. Nosic (Feb. 1, 1999), 1999 Ohio App. LEXIS 775, Stark App. No. 1997CA00248, unreported; State v. Dunwoody (Aug. 30, 1999), 1999 Ohio App. LEXIS 4262, Perry App. No. CA-97-65, unreported. Moreover, the Steele Court specifically recognized that the procedure and timing was not unfair because the defendant may petition for reclassification before his release.
This assignment of error is without merit.
Defendant's fourth assignment of error states:
 AS WAS HELD BY THE FIRST DISTRICT IN STATE V. BENSON, THE TRIAL COURT ERRED WHEN IT ORDERED REGISTRATION WHEN THE APPELLANT WAS INCARCERATED FOR A NON-SEXUALLY RELATED OFFENSE.
Defendant asserts that he cannot be compelled to register as a sexual predator because he claims, he does not meet any of the criteria for reporting as set out in R.C. 2950.04(A).
Before an offender may be ordered to register as a sexual predator, he must fit into one of the categories in R.C. 2950.04(A). State v. Bellman (1999), 86 Ohio St.3d 208. The clear import of this different language is that, under R.C. 2950.04(A), registration is required where:
 "(1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term * * * and if, on or after [July 1, 1997], the offender is released in any manner from the prison term * * *.
 "(2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after [July 1, 1997], and if division (A)(1) of this section does not apply * * *.
 "(3) If the sexually oriented offense was committed prior to [July 1, 1997], if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to [July 1, 1997], the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code." * * * *.
Here, the record reflects that defendant must serve a term of imprisonment for the gross sexual imposition consecutive to the sentence for aggravated murder. From the state of the record, we are satisfied that defendant is presently subject to a term of incarceration for a sexually oriented offense and we hereby reject this assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS. ANNE L. KILBANE, P.J., CONCURS IN JUDGMENT ONLY (SEE ATTACHED CONCURRING OPINION)
[1] To refute this contention, the state submitted to the trial court correspondence from the Department of Rehabilitation and Corrections.
[2] Obviously the situation wherein a defendant is, in an earlier proceeding determined not to be a sexual predator, but later, following other offenses, is found to be a sexual predator, does not present a res judicata bar since the later conduct was not subsumed within the earlier proceedings and could not be litigated at that time.