JOURNAL ENTRY AND OPINION
Defendant James Conley appeals from the trial court's determination that he is a sexual predator. For the reasons set forth below, we affirm.
On July 11, 1986, defendant was indicted pursuant to an eight count indictment. The first five counts stemmed from an incident on June 11, 1986 and charged defendant with aggravated burglary and four counts of raping a twenty-three year-old woman. The remaining three counts stemmed from an incident which was also alleged to have been committed on June 11, 1986, and charged defendant with aggravated burglary, felonious assault, and raping a fifteen year-old girl. All eight counts contained violence specifications. On September 18, 1986, defendant pled guilty to two counts of rape from the first incident and rape and felonious assault from the second incident. Defendant was sentenced to concurrent terms of eight to twenty-five years incarceration for the rape charges and three to fifteen years incarceration on the felonious assault charge.
In 1997, the trial court received a recommendation from the Department of Rehabilitation and Corrections, to classify defendant as a sexual predator. On August 21, 1997, the trial court issued a journal entry in which it declined to classify defendant as a sexual predator and further stated, in relevant part, as follows:
 The court declines to make a finding in this matter and further finds that application of House Bill 180 to this defendant to be violative of the retroactive clause of the U.S. Constitution and the retroactive clause of the Ohio Constitution.
Thereafter, following the Supreme Court's decision in State v. Cook (1998), 83 Ohio St.3d 404, that rejected retroactivity challenges to the statutory scheme, the state filed a request for a sexual predator adjudication in this matter. The trial court held a hearing in December 2000, and on December 14, 2000, ruled that defendant is a sexual predator. Defendant now appeals and assigns eight errors for our review.
Defendant's first assignment of error states:
 AS WAS HELD BY THE THIRD DISTRICT COURT OF APPEALS IN STATE V. DICK, THE TRIAL COURT ERRED BECAUSE THE DOCTRINE OF RES JUDICATA PRECLUDED A SECOND HEARING WHERE THE APPELLANT'S FIRST HEARING WAS DISMISSED ON CONSTITUTIONAL GROUNDS AND THE STATE FAILED TO APPEAL THE TRIAL COURT'S FIRST DECISION.
Defendant asserts that the trial court's August 1997, refusal to classify him as a sexual predator and its determination that application of the reporting requirements of R.C. Chapter 2950 violates the ex post facto clause of the Ohio Constitution precluded the trial court from later determining on December 14, 2000, that defendant is a sexual predator.
In State v. Dick (2000), 137 Ohio App.3d 260, the Court held that where the trial court had previously ruled that the sexual offender classification statute violates the constitutional prohibition against retroactive laws, and where the state did not appeal that ruling, the state was barred from initiating later proceedings to classify defendant as a sexual predator. The Court stated as follows:
 Res judicata dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, citing and adopting 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25. The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action. See id. at 382. "An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Rogers v. City of Whitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (emphasis added).
 Moreover, in the context of post-conviction relief, this Court has repeatedly held that a defendant's failure to appeal a judgment of conviction is a res judicata bar to a subsequent attempt to litigate issues that could have been raised on a direct appeal. See, e.g., State v. Harmon(1995), 103 Ohio App.3d 595, 598, 660 N.E.2d 532.
* * *
Both proceedings dealt with the same solitary issue:
 defendant's sexual offender status under R.C. Chapter 2950. The procedural differences between the two proceedings have no effect on the nature of the cause of action before the trial court.
* * *
 The fact that the trial court's decision was based on what was ultimately determined to be an incorrect statement of the law is of no consequence, as the Supreme Court has held that "there is no exception in the doctrine of res judicata for merely erroneous judgments." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 110, 227 N.E.2d 55.
Applying the foregoing, we note that the trial court's ruling, in August 1997, decided defendant's sexual offender status under R.C. Chapter 2950, and became final. However, res judicata is an affirmative defense that does not divest the second tribunal of subject-matter jurisdiction. State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept. (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789; Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120, 122, 656 N.E.2d 684,687; State ex rel. Flower v. Rocker (1977), 52 Ohio St.2d 160, 162,370 N.E.2d 479, 480. Res judicata is an affirmative defense which can be waived. State v. Apanovitch (1995), 107 Ohio App.3d 82, 89; see Civ.R. 8(C).
In this instance, defendant did not assert the defense of res judicatain the proceedings before the trial court. Accordingly he has waived that affirmative defense herein.
The first assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN VIOLATION OF OHIO'S SEXUAL PREDATOR STATUTE WHEN IT CONDUCTED THE INSTANT HEARING AFTER THE DEPARTMENT OF REHABILITATION AND CORRECTION PROVIDED THE TRIAL COURT WITH A SEXUAL PREDATOR SCREENING INSTRUMENT THAT FAILED TO DELINEATE ANY FACTORS THAT SUGGESTED THAT THE APPELLANT WAS A RISK TO RE-OFFEND.
Here, defendant asserts that the sexual predator classification must be vacated because the recommendation from the Department of Rehabilitation and Corrections did not adequately inform the court of the factors which indicate that he is likely to re-offend.
In State v. Hardy, 1997 Ohio App. LEXIS 4643 (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported, this court held that the recommendation from the Department of Rehabilitation and Corrections is not a jurisdictional requirement which must be fulfilled in order for the trial court to engage in the sexual predator determination, but rather, simply establishes an additional mechanism by which the trial court may consider the issue of whether an offender is a sexual predator. Accord State v. Blair, 1999 Ohio App. LEXIS 2435 (May 27, 1999), Cuyahoga App. No. 73975, unreported; State v. Owen, 1999 Ohio App. LEXIS 601 (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported; State v. Clark, 1999 Ohio App. LEXIS 1371 (March 29, 1999) Clermont App. No. Case No. CA98-11-103, unreported.
In accordance with the foregoing, this assignment of error lacks merit.
Defendant's third and eighth assignments of error are interrelated and state:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 AS DISCUSSED BY THE TENTH DISTRICT COURT OF APPEALS IN STATE V. BURKE, THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT WAS A SEXUAL PREDATOR WITHOUT CONSIDERING ANY OF THE RELEVANT FACTORS CODIFIED AT R.C. 2950.09(B)(2).
Here, defendant contends that the trial court misapplied the statutory factors and that there is no clear and convincing evidence to establish that he is likely to re-offend.
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3), See State v. Cook (1998), 83 Ohio St.3d 404, 408.
R.C. 2950.09(B)(2) states:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." (Emphasis added.)
In this matter, the record reveals that there were two victims, one was only fifteen, the victims were brutalized (the twenty-three year-old was choked and the fifteen year-old was threatened with a knife to her throat), there were multiple rapes, defendant blamed the victims for his actions, there was a pattern of abuse in that defendant acknowledged that the attacks were part of plans to get back at other people, and defendant accomplished the crimes through deception. We are therefore unable to conclude that the trial court misapplied the relative statutory factors or that the trial court erred in determining that defendant is a sexual predator.
These assignments of error lack merit.
Defendant's fourth assignment of error states:
 THE APPELLANT'S HEARING VIOLATED CONCEPTS OF SEPARATION OF POWERS BECAUSE THE TRIAL COURT RELIED ON INFORMATION NOT PRESENTED BY THE PROSECUTOR, THEREBY MAKING IT IMPOSSIBLE FOR THE APPELLANT TO ADDRESS OR CROSS-EXAMINE THE EVIDENCE THE TRIAL COURT FOUND TO BE DISPOSITIVE.
Defendant next maintains that the hearing contravened the requirements of separation of powers because the court relied upon information that was not supplied by the prosecuting attorney.
This assignment of error is essentially the same as those considered and rejected in State v. Cook (1999), 83 Ohio St.3d 404; State v. Ward (1999), 130 Ohio App.3d 551; State v. Gross (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported; State v. Bouyer (August 23, 2001), Cuyahoga App. No. 78547, unreported.
Moreover, in State v. Arthur, 2001 Ohio App. LEXIS 3596 (August 16, 2001), Cuyahoga App. No. 77770, unreported, this court stated:
 Defendant argues that R.C. 2950.09 is unconstitutional because it violates separation of powers principles.
 Defendant cites as authority an opinion of the common pleas court in State v. Copeland, Cuyahoga County Common Pleas Court Case No. CR-213510. After the parties filed briefs in this appeal, however, this court reversed the trial court's judgment in Copeland. See State v. Copeland et al., 2000 Ohio App. LEXIS 5964 (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502 and 77517, unreported. Defendant's separation of powers arguments are like those in Copeland and lack merit for the same reasons.
Accord State v. Thompson (2001), 92 Ohio St.3d 584, paragraph two of the syllabus, Because R.C. 2950.09(B)(2) does not encroach upon the trial court's fact-finding authority, it does not violate the separation-of-powers doctrine.
Accordingly, we reject this assignment of error herein.
Defendant's fifth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
Defendant next asserts that the sexual predator scheme violates due process since the determination is made years before his release. Defendant maintains that the correct time for such hearing is immediately prior to the inmate's release from incarceration.
This court has rejected this argument in State v. Green (April 26, 2001), 2001 Ohio App. Lexis 1864, Cuyahoga App. No. 77771, unreported, and State v. Steele (Sept. 7, 2000), 2000 Ohio App. LEXIS 4046, Cuyahoga App. No. 76205, unreported at p. 10. See, also, State v. Nosic (Feb. 1, 1999), 1999 Ohio App. LEXIS 775, Stark App. No. 1997CA00248, unreported; State v. Dunwoody (Aug. 30, 1999), 1999 Ohio App. LEXIS 4262, Perry App. No. CA-97-65, unreported. Moreover, the Steele Court specifically recognized that the procedure and timing was not unfair because the defendant may petition for reclassification before his release.
This assignment of error is without merit.
Defendant's sixth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PROCEEDING BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST IN PRIVACY IS ENCUMBERED BY THE SEXUAL PREDATOR LABEL AND THE FACTORS LISTED AT R.C. 2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, OF THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
Here, defendant contends that the statutory classification scheme violates the protectable liberty interest in privacy and fails to provide trial court with proper guidance for application.
As to the privacy claim, we note that in State v. Williams (2000),88 Ohio St.3d 513, 553-557, the Supreme Court held that R.C. Chapter 2950 does not infringe upon a convicted sex offender's right to privacy.
As to the claim that there is no guidance for the application of the statute, we note that this argument was rejected in State v. McKinney, 2001 Ohio App. LEXIS 242 (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported; State v. Steele, 2000 Ohio App. LEXIS 4046 (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported; and State v. Gibson, 2000 Ohio App. LEXIS 5705 (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported.
In accordance with the foregoing, the sixth assignment of error lacks merit.
Defendant's seventh assignment of error states:
 R.C. 2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO APPELLANT.
Defendant insists that he should have been provided with a written notice of the evidence underlying the Department of Rehabilitation's recommendation, notice of the burden of going forward, and discovery prior to the hearing.
This court has recently rejected these same contentions in State v. Bouyer, supra. This court stated:
 This court has previously held that R.C. 2950.09
affords the offender adequate notice and an opportunity to defend. State v. Ward (1999), 130 Ohio App.3d 551, 559, 720 N.E.2d 603. . . . The corrections department's recommendation only serves to initiate the court proceedings and is not binding on the court. See R.C. 2950.09(C)(1)and (2). Consequently, any further notice of the basis for the recommendation would not be meaningful to the offender in allowing him or her to respond to the proposed classification as a sexual predator. State v. McKinney, 2001 Ohio App. LEXIS 242 (Jan. 25,001), Cuyahoga App. No. 77659, unreported.
 Additionally, appellant has not explained how he may have been deprived of access to facts needed to defend against a sexual predator classification. See McKinney, supra; State v. Gibson, 2000 Ohio App. LEXIS 5705 (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported. Appellant was aware that the judge must consider all relevant factors to determine whether the defendant is likely to engage in future sexually oriented offenses, including the factors specifically listed in R.C. 2950.09(B)(2).
In accordance with the foregoing, we reject the contentions raised within this assignment of error.
Affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND JAMES J. SWEENEY, J., CONCUR.