This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Antowan Logan, appeals from the judgment of the Summit County Court of Common Pleas that denied his petition for post-conviction relief. We affirm.
{¶ 2} On October 29, 1998, the Summit County Grand Jury indicted Defendant on three separate counts: (1) engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1) and (A)(2); (2) money laundering, in violation of R.C. 1315.55(A)(2), (A)(3), and (A)(4); and (3) having weapons while under a disability, in violation of R.C.2923.13(A)(2). The indictment also contained a forfeiture specification. A jury found Defendant guilty on all counts and the trial court sentenced him accordingly. Defendant timely appealed his convictions to this court on August 3, 1999. This court affirmed Defendant's convictions. State v.Logan (Sept. 13, 2000), 9th Dist. No. 19726, at 13. Thereafter, on December 31, 2001, Defendant filed a "petition to vacate and/or set aside sentence." The State responded and moved to dismiss. The trial court denied Defendant's petition finding it to be untimely filed and absent compelling reasons for waiver of the time limitations outlined under R.C. 2953.23(A). Defendant timely appeals and raises three assignments of error for review. To facilitate review, we will address assignments of error two and three together.
 ASSIGNMENT OF ERROR I {¶ 3} "Whether or not [Defendant] was entitled to a hearing on his petition to vacate when he presented sufficient evidence that no such search warrant was issued and all evidence or testimony given was therefore illegal and should have been suppressed."
{¶ 4} In his first assignment of error, Defendant avers that the trial court erroneously denied his petition for post-conviction relief without holding an evidentiary hearing. We disagree.
{¶ 5} An appellate court reviews a trial court's decision not to conduct an evidentiary hearing in post-conviction matters under an abuse of discretion standard. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 6} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. R.C. 2953.21. Although defendants may petition for post-conviction relief, they are still required to abide by certain time requirements for filing such a petition, as outlined in R.C. 2953.21(A)(2). R.C. 2953.21(A)(2) provides:
 {¶ 7}"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." (Emphasis added.)
{¶ 8} The record reveals that Defendant's trial transcript was filed on December 15, 1999. As such, for Defendant's petition to be deemed timely filed, it must have been filed no later than one hundred eighty days after December 15, 1999. Defendant filed his "petition to vacate and/or set aside sentence" on December 31, 2001, well beyond the statutory time period.
{¶ 9} As Defendant filed his petition outside the prescribed time limitations, the trial court lacked jurisdiction absent Defendant demonstrating he met the requirements of R.C. 2953.23(A). See State v.Hurst (Jan. 10, 2000), 5th Dist. No. 1999CA00171. See, also, State v.Mullen, 4th Dist. No. 00CA24, 2001-Ohio-2566; State v. Harris (Feb. 9, 2001), 2nd Dist. No. 18525; State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. The trial court may consider a petition for post-conviction relief after the deadline if the defendant demonstrates:
{¶ 10} "(1) Either of the following:
 {¶ 11} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 12} "(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
{¶ 13} [and]
 {¶ 14} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A).
{¶ 15} In the present case, Defendant contends that his convictions are void or voidable because they stemmed from a warrantless search and seizure of his properties. Furthermore, Defendant contends that he was not aware that the State did not have a valid warrant when it executed the warrant or during his trial. He alleges that he became aware of the warrantless search and seizure on December 20, 2000. Although Defendant alleges that he was not aware that the State did not have a valid warrant until December 20, 2000, he has failed to demonstrate the jurisdictional requirements outlined in R.C. 2953.23(A). Specifically, Defendant asserted that he "was unavoidably prevented from discovering the facts[;]" however, we find Defendant's mere blanket assertion, without more, to be insufficient to illustrate that he was "unavoidably prevented" from discovering the facts upon which he must rely to present his claim for relief. Additionally, Defendant does not argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. As the trial court lacked jurisdiction to consider Defendant's petition, it was not required to hold an evidentiary hearing. See State v. Furcron (Feb. 17, 1999), 9th Dist. No. 98CA007089, at 3; State v. Flowers (Nov. 12, 1998), 9th Dist. No. 2842-M, at 2; State v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70. Consequently, we hold that the trial court did not abuse its discretion in denying Defendant's "petition to vacate and/or set aside sentence" without holding a hearing. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
{¶ 16} "Whether or not the trial court failed to comply with [R.C. 2541.25] allied offenses statute to try and determine as to whether or not they were of similar in nature."
 ASSIGNMENT OF ERROR III
{¶ 17} "Whether trial counsel was ineffective for his failure to properly investigate and determine as to whether or not a search warrant was actually issued, if not the outcome would have been different."
{¶ 18} In his second assignment of error, Defendant alleges that the trial court failed to comply with R.C. 2541.25 prior to imposing his sentence. In his third assignment of error, Defendant alleges that his trial counsel was ineffective because he failed to determine the validity of the search warrant. However, we find that Defendant has failed to raise these issues before the trial court in his "petition to vacate and/or set aside sentence." Accordingly, Defendant's failure to raise these issues before the trial court constitutes a waiver of these issues on appeal. State v. Harmon (1995), 103 Ohio App.3d 595, 597; State v.McMasters (July 20, 1992), 5th Dist. No. CA-8790. Defendant's second and third assignments of error are overruled.
{¶ 19} Defendant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
{¶ 20} The Court finds that there were reasonable grounds for this appeal.
{¶ 21} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 22} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J. CONCURS IN JUDGMENT ONLY, WHITMORE, J., CONCURS.