SUPREME COURT OF ARIZONA
EN BANC

| | | |
|---|---|---|
| STANLEY GRIFFIS, | ) | Arizona Supreme Court |
| | ) | No. CV-06-0312-PR |
| Plaintiff/Appellant, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-CV 06-0052 |
| PINAL COUNTY, | ) | |
| | ) | Pinal County |
| Defendant/Appellee, | ) | Superior Court |
| | ) | No. CV2006-00147 |
| | ) | |
| and | ) | |
| | ) | |
| PHOENIX NEWSPAPERS, INC., an | ) | **O P I N I O N** |
| Arizona corporation, | ) | |
| | ) | |
| Intervenor/Appellee. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the Superior Court in Pinal County
The Honorable Robert Duber

**REVERSED; REMANDED**
_____

Opinion of the Court of Appeals, Division Two
213 Ariz. 300, 141 P. 3d 780 (2006)

**VACATED**
_____

FENNEMORE CRAIG PC                                        Phoenix
      By    Timothy Berg
            Janice Procter-Murphy
            Theresa Dwyer
Attorneys for Stanley Griffis

ROBERT CARTER OLSON, PINAL COUNTY ATTORNEY                Florence
      By    Chris M. Roll, Deputy County Attorney
            Allen C. McVey, Deputy County Attorney
Attorneys for Pinal County

STEPTOE & JOHNSON LLP                                    Phoenix
     By    David Jeremy Bodney
           Peter S. Kozinets
           Chris Moeser
Attorneys for Phoenix Newspapers, Inc.

MAYNARD CRONIN ERICKSON CURRAN & SPARKS PLC              Phoenix
     By    Daniel D. Maynard
           Douglas C. Erickson

And

THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS    Arlington, VA
     By    Lucy A. Dalglish
           Loren A. Cochran

And

FLETCHER HEALD & HILDRETH PLC                      Arlington, VA
     By    Kevin M. Goldberg

And

THE ASSOCIATED PRESS                                New York, NY
     By    David H. Tomlin

And

NEWSPAPER ASSOCIATION OF AMERICA                   Arlington, VA
     By    Rene P. Milam

And

BAKER & HOSTETLER LLP                             Washington, DC
     By    Bruce W. Sanford
           Bruce D. Brown
           Laurie A. Babinski

And

WILEY REIN LLP                                    Washington, DC
     By    Kathleen A. Kirby
Attorneys for Amici Curiae The Reporters Committee for Freedom
of the Press, American Society of Newspaper Editors, The
Associated Press, Newspaper Association of America, Society of
Professional Journalists, and Radio and Television News
Directors Association

**M c G R E G O R**, Chief Justice

¶1      We granted review to consider whether purely personal e-mails generated or maintained on a government e-mail system are, as a matter of law, public records under Arizona's public records law, Arizona Revised Statutes (A.R.S.) sections 39-121 to 39-121.03 (2001 & Supp. 2006).[1]  We hold that such e-mails do not necessarily qualify as public records.  We further hold that when a government entity withholds documents generated or maintained on a government-owned computer system on the grounds that the documents are personal, the requesting party may ask the trial court to perform an in camera inspection to determine whether the documents fall within the public records law.

**I.**

¶2      In late 2005, the Pinal County Sheriff's Office began an investigation of then-County Manager Stanley Griffis after learning of Griffis' unauthorized purchase of sniper rifles and other equipment with county funds.[2]   Phoenix Newspapers, Inc.

_____

[1]    This case raises neither the issue of whether Pinal County, as the owner of the computer system, can access an employee's e-mails nor the issue of access to a government employee's e-mails when excessive e-mail use is the reason for termination. *Cf. Tiberino v. Spokane County*, 13 P.3d 1104, 1108 (Wash. Ct. App. 2000) (holding that personal e-mails may become public records when excessive use of personal e-mail is the reason for an employee's discharge and the e-mails are printed for use in a wrongful termination suit against the government agency).

[2]    Griffis was suspended from his position in December 2005 and retired shortly thereafter. In January 2007, he entered into

(PNI) filed a public records request with Pinal County (the County) pursuant to A.R.S. §§ 39-121 to -121.03, seeking release of all e-mails sent to or received by Griffis on the County's e-mail system from October 1 to December 2, 2005.  The County released 706 e-mails, but withheld others it and Griffis considered personal or confidential.  After PNI threatened to sue, the County agreed to release the previously withheld e-mails and notified Griffis of its decision.

¶3      Griffis obtained a preliminary injunction blocking release of e-mails that both he and the County initially had agreed were personal.  PNI moved to intervene and dissolve the injunction, and the County joined this motion.  The County then prepared a log identifying each e-mail subject to the injunction[3] and allowed Griffis to redact any personal information before providing the log to PNI.  Griffis chose to disclose approximately thirty of the e-mails listed in the log.

¶4      The superior court granted PNI's motion to dissolve the injunction, ruling that the remaining e-mails should be disclosed, but giving Griffis the opportunity to redact any personal information.  The superior court noted that "everything

a plea agreement with the State with respect to the criminal charges filed against him.

[3]      The log contained the date and time sent, sender, recipient, subject line, and number of pages for each e-mail.

4

that is on a computer of the Pinal County . . . governmental entity is presumed to be a public record" and that "any records generated on a public computer are presumptively open to public inspection."  Although it found the e-mails to be presumptively public records, the superior court offered to conduct an in camera inspection of the disputed e-mails to determine whether Griffis could establish an expectation of privacy that would overcome that presumption.  Griffis declined and appealed the decision.

¶5      The court of appeals, relying on *Salt River Pima-Maricopa Indian Community v. Rogers*, 168 Ariz. 531, 815 P.2d 900 (1991), reversed the superior court's judgment, holding that personal e-mails are not "public records or other matters" under Arizona's public records law and, therefore, need not be disclosed.  *Griffis v. Pinal County*, 213 Ariz. 300, 309 ¶ 33, 311 ¶ 42, 141 P.3d 780, 789, 791 (App. 2006).  The court of appeals, like the superior court, did not review the content of the disputed e-mails.  *Id.* at 313-14 n.14 ¶ 50, 141 P.3d at 793-94.

¶6      PNI petitioned for review, arguing that the court of appeals misapplied *Salt River* and ignored Arizona's longstanding presumption in favor of providing public access to government records.  Alternatively, PNI urges us to remand for an in camera inspection of the disputed e-mails to determine whether they

5

fall within the scope of the public records law. We have jurisdiction pursuant to Article 6, Section 5, Clause 3 of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶7      Whether a document is a public record under Arizona's public records law presents a question of law, which we review de novo. *See Cox Ariz. Publ'ns, Inc. v. Collins*, 175 Ariz. 11, 14, 852 P.2d 1194, 1198 (1993).

## A.

¶8      We have set forth the legal principles that control the issue raised here in previous public records cases. *See Salt River*, 168 Ariz. at 537-42, 815 P.2d at 906-11.[4] As an initial matter, Arizona law defines "public records" broadly and creates a presumption requiring the disclosure of public documents. *See Carlson v. Pima County*, 141 Ariz. 487, 489-90, 687 P.2d 1242, 1244-45 (1984). Section 39-121 of the Arizona Revised Statutes affirms the presumption of openness, stating that "[p]ublic records and other matters in the custody of any officer shall be open to inspection by any person at all times

---

[4]    PNI attempts to minimize *Salt River*'s importance in resolving the issue before us on the grounds that it involves a unique intersection of state, federal, and tribal law. We disagree. Although the document at issue in *Salt River* was a check distribution list of amounts paid to tribal allottees, 168 Ariz. at 535, 815 P.2d at 904, the principles outlined in that case apply to all public records disputes.

during office hours." Although the phrase "public records and other matters" is not expressly defined by statute, A.R.S. § 39-121.01.B (Supp. 2006) requires that "[a]ll officers and public bodies shall maintain all records . . . reasonably necessary or appropriate to maintain an accurate knowledge of their official activities and of any of their activities which are supported by monies from the state or any political subdivision of the state."[5]

¶9        In *Salt River*, this Court articulated three alternative definitions of public records: A public record is one "made by a public officer in pursuance of a duty, the immediate purpose of which is to disseminate information to the public, or to serve as a memorial of official transactions for public reference"; a record that is "required to be kept, or necessary to be kept in the discharge of a duty imposed by law or directed by law to serve as a memorial and evidence of something written, said or done"; or any "written record of transactions of a public officer in his office, which is a convenient and appropriate method of discharging his duties, and is kept by him as such, whether required by . . . law or not." 168 Ariz. at 538-39, 815 P.2d at 907-08 (quoting *Mathews v.*

---

[5]        Because the language of A.R.S. § 39-121.01.B is so broad, this Court has abandoned any "technical distinction" between public records and other matters. *Carlson*, 141 Ariz. at 490, 687 P.2d at 1245.

7

*Pyle*, 75 Ariz. 76, 78-79, 251 P.2d 893, 895 (1952)).

¶10      The broad definition of public records, however, is not unlimited.  The public records law requires all public officials to make and maintain records "reasonably necessary to provide knowledge of all activities they undertake *in the furtherance of their duties*."  *Carlson*, 141 Ariz. at 490, 687 P.2d at 1245 (emphasis added).  That definition does not encompass documents of a purely private or personal nature.  Instead, only those documents having a "substantial nexus" with a government agency's activities qualify as public records.[6] *Salt River*, 168 Ariz. at 541, 815 P.2d at 910.  "[T]he nature and purpose of the document" determine its status as a public record.  *Id.* at 538, 815 P.2d at 907 (quoting *Linder v. Eckard*, 152 N.W.2d 833, 835 (Iowa 1967)).  Determining a document's status, therefore, requires a content-driven inquiry.

¶11      Because the nature and purpose of the document determine its status, mere possession of a document by a public officer or agency does not by itself make that document a public record, *id.*, nor does expenditure of public funds in creating the document, *id.* at 540-41, 815 P.2d at 909-10.  To hold otherwise would create an absurd result: Every note made on

---

[6]      Although not at issue here, "other matters" likewise includes only *public* matters.  *Salt River*, 168 Ariz. at 539, 815 P.2d at 908.

8

government-owned paper, located in a government office, written with a government-owned pen, or composed on a government-owned computer would presumably be a public record. Under that analysis, a grocery list written by a government employee while at work, a communication to schedule a family dinner, or a child's report card stored in a desk drawer in a government employee's office would be subject to disclosure. The public records law was never intended to encompass such documents; the purpose of the law is to open *government* activity to public scrutiny, not to disclose information about private citizens. *See id.; accord State v. City of Clearwater*, 863 So. 2d 149, 154 (Fla. 2003) (noting the absurdity of classifying household bills or notes about personal conversations as public records simply because they are located in a government office); *cf. Bureau of Nat'l Affairs, Inc. v. United States Dep't of Justice*, 742 F.2d 1484, 1486 (D.C. Cir. 1984) (holding that personal appointment materials, such as calendars and daily agendas, are not agency records under the Freedom of Information Act, 5 U.S.C. § 552 (2006)).

¶12 Although the public records law creates a strong presumption in favor of disclosure, that presumption applies only when a document first qualifies as a public record. To apply a presumption of disclosure when a question exists as to the nature of the document is inappropriate: The initial inquiry

must be whether the document is subject to the statute. *Salt River*, 168 Ariz. at 536, 815 P.2d at 905. The reason for this requirement is clear: Disclosure of purely private documents does nothing to advance the purposes underlying the public records law. The contents of purely private documents shed no light on how the government is conducting its business or spending taxpayer money.

¶13 Determining whether the public records law requires disclosure, then, involves a two-step process. When the facts of a particular case "raise a substantial question as to the threshold determination of whether the document is subject to the statute," the court must first determine whether that document is a public record. *Id.* If a document falls within the scope of the public records statute, then the presumption favoring disclosure applies and, when necessary, the court can perform a balancing test to determine whether privacy, confidentiality, or the best interests of the state outweigh the policy in favor of disclosure.[7] *E.g., Carlson*, 141 Ariz. at 490-91, 687 P.2d at 1245-46.

---

[7] Most public records cases concern only the interest-balancing step because the documents at issue are clearly public records. *See, e.g., Scottsdale Unified Sch. Dist. No. 48 v. KPNX Broad. Co.*, 191 Ariz. 297, 955 P.2d 534 (1998); *Cox Ariz. Publ'ns*, 175 Ariz. 11, 852 P.2d 1194; *Carlson*, 141 Ariz. 487, 687 P.2d 1242. As *Salt River* makes clear, however, courts must also ensure that disputed documents are public records within the meaning of the statute. 168 Ariz. at 536, 815 P.2d at 905.

**B.**

¶**14**     Applying the principles discussed above, we reject PNI's argument that all e-mails generated or maintained on a government-owned computer system are automatically public records.  Some e-mails will relate solely to personal matters and will not, therefore, reflect the requisite substantial nexus with government activities.  *Accord Denver Publ'g Co. v. Bd. of County Comm'rs*, 121 P.3d 190, 192, 199 (Colo. 2005); *City of Clearwater*, 863 So. 2d at 152-54; *State ex rel. Wilson-Simmons v. Lake County Sheriff's Dep't*, 693 N.E.2d 789, 792-93 (Ohio 1998).  On the other hand, many e-mails generated or retained on a government computer system are public records because they relate to government business.  The issue, then, is how a court should determine whether requested e-mails are subject to disclosure under the public records law when the facts raise a substantial question as to the nature of the document.

**III.**

¶**15**     Comparing the nature and purpose of a document with an official's or agency's activities to determine whether the required nexus exists necessarily requires a fact-specific inquiry.  To make that inquiry, while maintaining the privacy of personal, non-public documents, a court should perform an in camera review.  *See Church of Scientology v. City of Phoenix Police Dep't*, 122 Ariz. 338, 339, 594 P.2d 1034, 1035 (App.

11

1979) (noting that the trial court performed an in camera inspection before ruling that the documents at issue were not public records). In camera review of disputed documents also reinforces this Court's previous holding that the courts, rather than government officials, are the final arbiter of what qualifies as a public record. *See Mathews*, 75 Ariz. at 80-81, 251 P.2d at 896 (rejecting the governor's assertion that his decision on what documents were public records was final).

¶16    To further Arizona's strong policy of public access and disclosure of public records, the threshold showing needed to raise a "substantial question" about a document's status must be relatively low. When, as in this case, the question is whether e-mails from or to a public official are public records, we hold that a party can raise a substantial question by showing that a government agency or public official withheld documents generated or maintained on a government-owned computer on the grounds that those documents are personal or private. Once a requesting party makes this basic showing, that party can ask the court to conduct an in camera inspection of any withheld documents to determine whether they possess the requisite nexus with official duties that is required of all public records.[8]

---

[8]    Our courts have long approved of in camera review during the second step of public records analysis to determine whether privacy interests, confidentiality, or the best interests of the state outweigh the public's right of access to documents that

12

The party claiming that the disputed documents are not public records bears the burden of establishing its claim. If the party cannot establish that the documents are not public records, the trial judge can still consider whether privacy, confidentiality, or the best interests of the state outweigh the policy in favor of disclosure. *See, e.g., Carlson*, 141 Ariz. at 490-91, 687 P.2d at 1245-46.

¶17    In this case, no court has reviewed the e-mails at issue. Absent such a review, we have no record on which we can determine the nature and content of the requested documents. We therefore remand this case to permit the superior court to review the content of the disputed e-mails in camera to determine whether they are subject to the public records law. Griffis bears the burden of establishing that the e-mails are not public records.

## IV.

¶18    For the foregoing reasons, we reverse the ruling of

---

have already been categorized as public records. *See, e.g., Cox Ariz. Publ'ns*, 175 Ariz. at 15, 852 P.2d at 1199; *Mitchell v. Superior Court*, 142 Ariz. 332, 334, 690 P.2d 51, 53 (1984); *Carlson*, 141 Ariz. at 491, 687 P.2d at 1246; *Mathews*, 75 Ariz. at 80-81, 251 P.2d at 896-97; *Bolm v. Custodian of Records*, 193 Ariz. 35, 40-41 ¶ 14, 969 P.2d 200, 205-06 (App. 1998); *Church of Scientology*, 122 Ariz. at 339, 594 P.2d at 1035. Our holding today, that a party can request in camera review on the issue of whether a document is a public record, permits the parties to follow a procedure parallel to the procedure followed during the second step of public records analysis.

the superior court, vacate the opinion of the court of appeals, and remand to the superior court for further proceedings consistent with this opinion.


_____
                Ruth V. McGregor, Chief Justice

CONCURRING:


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice