251 P.3d 395 (2011)
CONGRESS ELEMENTARY SCHOOL DISTRICT NO. 17 OF YAVAPAI COUNTY, Plaintiff-Appellant,
v.
Jean WARREN; Jennifer Renee Hoge; Cyndi Regis; and Barbara Rejon, Defendants-Appellees.
No. 1 CA-CV 10-0361.
Court of Appeals of Arizona, Division 1, Department B.
March 31, 2011.
*396 Mangum, Wall, Stoops & Warden PLLC by Franklin J. Hoover, Anthony Contente-Cuomo, Flagstaff, Attorneys for Appellant.
Scharf-Norton Center for Constitutional Litigation by Clint Bolick, Carrie Ann Sitren, Gustavo E. Schneider, Phoenix, Attorneys for Appellees.

OPINION
WEISBERG, Judge.
¶ 1 Congress Elementary School District No. 17 ("the district") appeals from dismissal of its complaint seeking declaratory and injunctive relief to enjoin four individuals from making "vexatious" public records requests without first seeking leave of the superior court. For reasons that follow, we affirm and remand for further proceedings.

BACKGROUND
¶ 2 In January 2010, Jean Warren, a resident of Yavapai County, submitted a public records request to the district. The district previously had received a number of requests from Warren; from Jennifer R. Hoge, Warren's daughter and a resident of the County; and from Cyndi Regis and Barbara Rejon, both parents of students enrolled in the district.
¶ 3 In the 2002-03 school year, Warren and Hoge filed five public records requests. The district responded, and neither Warren nor Hoge filed any further requests until the 2007-08 school year, when Warren filed one request. During the 2008-09 school year, Warren filed twenty-three new public records requests and filed four complaints with the Arizona Ombudsman.[1] Regis filed ten public records requests and filed two complaints with the Arizona Ombudsman. Rejon filed twenty-two public records requests. In the 2009-10 school year, Warren filed eleven public records requests and one complaint with the Arizona Ombudsman. Regis filed one public records request. Rejon made one oral records request and filed one complaint with the Ombudsman.
¶ 4 The district then filed an amended thirty-eight page complaint detailing the requests by each defendant and citing Arizona Revised Statutes ("A.R.S.") section 12-1831 (2003) and Arizona Rule of Civil Procedure 57 as authority for seeking injunctive and declaratory relief. The district did not assert that all four defendants had acted in concert, had requested material not covered by the public records statutes, or that the requests were frivolous. Instead, it argued that the aggregate prior public records requests of these individuals constituted a public nuisance, harassment within the meaning of A.R.S. § 12-1809 (Supp.2010), and an abuse of the public records statutes. The district asked that each defendant be enjoined from filing additional public records requests without first seeking leave of the superior court.
¶ 5 Defendants moved to dismiss the complaint. They noted that many requests were not for public records at all.[2] They also argued that an injunction not only would violate their rights to access public records, to free speech, and to petition for redress but would allow the district to avoid its legal obligation to comply with the public records laws and to provide information to parents. Moreover, an injunction would reverse the statutory presumption favoring production of public records.
¶ 6 In addition, defendants argued that the district had not shown an "actual compensable injury" and cited the Strategic Lawsuit Against Public Participation statute ("SLAPP") A.R.S § 12-752(B) (Supp.2010) to contend that the court could not issue a *397 "preemptive" declaratory judgment.[3] Finally, they contended that they had not filed a "series" of claims, charges or lawsuits necessary for a finding of harassment and that the district could not retaliate against anyone for having cooperated with the Ombudsman. Defendants asked the court to award their costs and attorney's fees pursuant to A.R.S. §§ 12-752(D), 12-341, 12-341.01 (2003), and 12-347 (2003) as well as 42 USC § 1988 and the private attorney general doctrine.[4]
¶ 7 In its ruling, the superior court found that aside from Warren's January 2010 letter, there were "no other public records requests" pending. Thus, as to the issue of pending requests, the district's complaint stated a claim upon which relief could be granted only as to a single request. The court also found no statutory basis for it to impose "a judicial screening process for multiple or even unreasonable public records requests" or to order relief targeting possible future requests. The court also ruled that the complaint did not allege any "frightening, dangerous or otherwise alarming and intrusive personal conduct" that constituted harassment, citing A.J. Lafaro v. Cahill, 203 Ariz. 482, 56 P.3d 56 (App.2002). Furthermore, the complaint failed to allege "an interference with the use and enjoyment of any land" that could be a nuisance. Finally, the court declined to consider whether the SLAPP statute applied to the dismissed claims but concluded that as to Warren's January 2010 request, the statute did not apply.
¶ 8 With respect to attorney's fees, the court concluded that Regis and Rejon were not entitled to sanctions because the complaint was "not entirely frivolous" but left open the possibility of an award of fees and costs to Warren. The court found that Hoge had been named only because she was Warren's daughter, which rendered the complaint against her groundless, harassing, and not in good faith, and entitled her to attorney's fees and costs. Finally, the court declined to stay the order to proceed with Warren's pending request but ruled that Hoge's attorney's fees would be held in abeyance pending our decision.
¶ 9 The district timely appealed. We have jurisdiction pursuant to A.R.S. § 12-201(F)(2) (2003).

DISCUSSION
¶ 10 "We review an order granting a motion to dismiss for abuse of discretion," Dressler v. Morrison, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006), and apply a similar standard to an order denying an injunction. Kromko v. City of Tucson, 202 Ariz. 499, 501, ¶ 4, 47 P.3d 1137, 1139 (App.2002). We review de novo underlying questions of statutory interpretation or application. Id.

Public Records Requests
¶ 11 The "core purpose of our public records law" is to give the public "access to official records and other government information so that [it] may monitor the performance of government officials and their employees." Phoenix New Times, L.L.C. v. Arpaio, 217 Ariz. 533, 541, ¶ 27, 177 P.3d 275, 283 (App.2008). Thus, the statutes broadly define such records and presume that public records will be disclosed. Griffis v. Pinal Cnty., 215 Ariz. 1, 4, ¶ 8, 156 P.3d 418, 421 (2007); see also A.R.S. § 39-121 (2001) ("Public records and other matters in the custody of any officer shall be open to inspection by any person at all times during office hours."). On the other hand, purely personal documents without a "substantial nexus" to an agency's or entity's activities are exempt because they shed no light on how government is being conducted. Salt River Pima-Maricopa Indian Cmty. v. Rogers, 168 Ariz. 531, 541, 815 P.2d 900, 910 (1991). If the nature of a requested record is unclear, a court first must determine whether it is a public record, Griffis, 215 Ariz. at 5, ¶ 13, 156 P.3d at 422, and if so, the court may balance privacy concerns or the state's best interests against the presumption of disclosure. Id.
*398 ¶ 12 Here, the district has not asserted that the documents requested were not public records. Instead, it claims that defendants' prior public records requests required review of nearly 9,000 pages of documents and consumed more than 417 hours, thereby diverting staff from teaching and classroom duties. The district contends that denial of an injunction will impose a financial burden upon it and waste judicial resources because the district either must deny future requests "and wait to be sued" or file a declaratory judgment action in response to each records request. However, every other governmental entity that receives public records requests may be equally burdened, and in this case, the absence of any prior legal action successfully challenging the appropriateness of even one request by even one defendant militates against granting prospective relief.
¶ 13 In support of its application for prospective relief, the district cites West Valley View, Inc. v. Maricopa Cnty., Sheriff's Office, 216 Ariz. 225, 165 P.3d 203 (App.2007). There, the sheriff's office refused numerous requests to add a newspaper to an email distribution list and required that the newspaper request each of the sheriff's press releases as it was issued, even if the newspaper had no way of knowing when that might be. Id. at 229, ¶ 14, 165 P.3d at 207. Although the sheriff's office argued that it could not be ordered to provide releases that were not yet in existence, we held that its obligation "ripen[ed] upon the creation of each future press release." Id. at ¶ 17. Moreover, no statutory provision barred the newspaper's on-going request, id. at ¶ 15; the request was for clearly public records that had to be "promptly" disclosed, and the sheriff's office did not allege any prejudice or inconvenience from the request. Id. at 230, ¶ 21, 165 P.3d at 208. Here, the district argues the converse: that the court could authorize it to decline to comply with any future public records requests, however reasonable, from these individuals unless they first obtained court approval. But West Valley View required prospective compliance with a newspaper's on-going request and does not support the prospective denial of public records requests.
¶ 14 Nonetheless, the district argues that to permit future records requests without prior court approval would be contrary to its best interests. It cites Arpaio v. Davis, 221 Ariz. 116, 210 P.3d 1287 (App.2009), which involved the interplay of Arizona Supreme Court Rules controlling disclosure of judicial records and the public records law. There, the sheriff had requested "thousands of random" emails with no identifying subject matter that had been exchanged among judges, staff, and legal counsel of the Maricopa County Superior Court. Id. at 117-18, ¶ 2, 210 P.3d at 1288-89. The superior court upheld the denial of the request under Supreme Court Rule 123, which governed requests for judicial records. Id. at 120-21, ¶ 20, 210 P.3d at 1291-92. It found that the records request created an undue burden by diverting equipment, materials, and time from the court's mandated functions and by seeking to expose work product long exempt from disclosure. Id. at ¶¶ 20-21 and n. 5, 210 P.3d at 1291-92 and n. 5. We affirmed that ruling. Id. at 121, ¶ 22, 210 P.3d at 1293. Here, by contrast, the district does not even argue that defendants' prior requests failed to specify the subject matter of the requested documents or that their requests intruded upon matters normally exempt from disclosure. Also, the district has not articulated a countervailing government interest that would override the presumption of disclosure established by the legislature.[5]
¶ 15 Accordingly, even when state educational entities have sought to bar disclosure of exam questions given statewide on the ground of expense and inconvenience, we have held that one "who wishes to withhold public documents must prove specifically how the public interest outweighs the right of disclosure." Phoenix Newspapers, Inc. v. Keegan, 201 Ariz. 344, 349, ¶ 19, 35 P.3d 105, 110 (App.2001). We also have acknowledged the citizenry's legitimate interest in public education as an additional reason to uphold disclosure. Id. at 351, ¶ 33, 35 P.3d at 112.
*399 ¶ 16 The district next analogizes this case to cases in which a court has found a litigant "vexatious" and barred future filings without court approval. However, this case does not involve repetitive filing of lawsuits: defendants have never filed a lawsuit, and instead, the district has preemptively sued them. Furthermore, the district has not been without adequate remedies. It could have denied prior requests and required that defendants bring enforcement actions, and it can deny future requests and raise its objections in the context of each such request.[6]See Phoenix New Times, 217 Ariz. at 538-39, ¶ 15, 177 P.3d at 280-81 (court reviews records requests based on "circumstances surrounding each" and necessary promptness will vary). Although the district complains that past requests were burdensome, it does not assert that all were equally so, that it was unable to comply, or that any of the requests were frivolous or sought information not sanctioned by the legislature.
¶ 17 In sum, the district has not shown why the simple fact that defendants have made previous requests permitted by statute justifies an order burdening possible future requests. Cf. Carlson v. Pima County, 141 Ariz. 487, 490, 687 P.2d 1242, 1245 (1984) (noting statutory exemptions for some records and that public records law did not supplant common law grounds for withholding confidential or information contrary to the state's best interests). We therefore agree with the superior court that the district's request for prospective relief must be denied.

Public Nuisance
¶ 18 Finally, the district argues that the superior court erred by confining the concept of public nuisance to interference with the use of land and that the expenditure of district funds to respond to records requests, as necessarily contemplated by the legislature, constituted an unreasonable interference with the public's right to have the district use its funds "for the provision of education."
¶ 19 In Armory Park Neighborhood Association v. Episcopal Community Services, 148 Ariz. 1, 4, 712 P.2d 914, 917 (1985), our supreme court defined a public nuisance as "any unreasonable interference with a right common to the general public." But, the court held that an "interference must be substantial, intentional and unreasonable under the circumstances," and the "utility and reasonableness of the conduct [may be balanced]. . . against the extent of harm inflicted and the nature of the affected neighborhood." Id. at 7-8, 712 P.2d at 920-21. Thus, use of land to operate a soup kitchen in a residential area could be temporarily enjoined because that use "unreasonably and significantly interfere[d] with the public health, safety, peace, comfort or convenience." Id. at 10, 712 P.2d at 923. The offending conduct "affect[ed] a considerable number of people" and "unreasonably interfered with a right common to the general public." Id. at 4, 712 P.2d at 917. Here, the district has not alleged that the prior records requests "unreasonably interfere[d] with the public health, safety, peace, comfort or convenience." (Emphasis added.) Furthermore, the district cites no authority labeling even abusive and unlawful repetitive public records requests a public nuisance, much less authorized requests. Public records requests are intended to inform the public about how a government is performing its duties. It would defy the purpose of our public records law to deny the public rightful access to information on how the district is conducting its functions on the tenuous ground that requesting such lawful access constituted a public nuisance.

Attorney's Fees
¶ 20 Defendants request an award of costs and attorney's fees on appeal pursuant to A.R.S. §§ 12-341, 12-348, 39-121.02(B) (Supp.2010), 12-752, 12-1840 (2003), and the private attorney general doctrine. Section 39-121.01(B) authorizes an award of "attorney fees and other legal costs that are reasonably incurred in any action under this *400 article if the person seeking public records has substantially prevailed." In the exercise of our discretion, we grant defendants' request for an award of reasonable attorney's fees and costs pursuant to this statute subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCLUSION
¶ 21 For the foregoing reasons, we affirm the superior court's ruling that the district failed to show a public interest sufficient to overcome the presumption favoring disclosure of public records. Accordingly, we also affirm dismissal of the district's complaint. We remand this matter to the court for a determination of the amount of attorney's fees and costs due from the district to defendant Hoge related to the proceedings below.
CONCURRING: DONN KESSLER, Presiding Judge and DIANE M. JOHNSEN, Judge.
NOTES
[1] The Ombudsman receives complaints, conducts investigations, and issues findings on the compliance of public entities with public access and other laws. A.R.S. §§ 41-1376, -1377, -1378 (2004).
[2] Defendants point out that eighteen of the purported seventy-four requests asked about board meetings or agendas, which the district is required to keep and make publicly available under A.R.S. §§ 38-431.01(B),(D); -431.02. (Supp. 2010). Twenty-four requests were for student records by a parent, which are not "public" records. See 20 U.S.C. §§ 1232g(b)(1) and 1417(c). Sixteen requests sought permission to speak or asked the school board to hold a meeting, form a committee, or respond to earlier requests and did not seek public records.
[3] Because of our resolution of this appeal based on the public records law, we do not reach the SLAPP issue.
[4] The district asked the court to award its attorney's fees and costs pursuant to Arizona Civil Rule of Procedure 11 and A.R.S. § 12-752(D).
[5] The district's citation to Lake v. City of Phoenix, 222 Ariz. 547, 551, ¶ 14, 218 P.3d 1004, 1008 (2009), is unavailing. That case simply held that undisputedly public records kept in an electronic format included "any embedded metadata, [and] [was] subject to disclosure."
[6] Additionally, as defendants point out, the district may require that those making public records requests pay for copying certain types of documents; it may provide documents via a website; and it may seek more time in which to respond to an onerous records request.