Dear Mr. Barham:
Our office received your request for an opinion as to whether or not personal e-mails sent on equipment owned by a public entity on a public e-mail account are "public records" for purposes of the Public Records Act. Your request indicates that the e-mails are purely personal in nature and have no relation to public business.
The right of access to public information is guaranteed by La.Const, art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[1] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[2]
A "public record" is defined by La.R.S. 44:1(A)(2)(a) as including:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, *Page 2 
transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . . except as otherwise provided in this Chapter or the Constitution of Louisiana.
As this definition makes clear, "public records" are defined as those records which have been used, are being used, or which were prepared for use in the conduct of public business.[3] The Public Records Act was "intended to implement the inherent right of the public to be reasonably informed as to the manner, basis and reasons upon which governmental affairs are conducted."[4] A record's mere existence in a public office does not automatically make such document a "public record." It is the opinion of this office that the definition of "public records" requires a content-driven analysis for a connection between the record and the conduct of public business or the functioning of a public body.
This office has previously given the opinion that:
We do not believe that the Legislature meant to include everything (e.g. memo, work papers) which any public official may happen to reduce to writing. It is our opinion that the statute, R.S. 44:1, includes only those writings which are used in the performance of the functions of the public body.
La. Atty. Gen. Op. No. 79-242. [Citing Attorney General's Opinion of January 31, 1974.]
This position was confirmed in La. Atty. Gen. Op. No. 08-0312, stating that a handwritten note was not a public record subject to disclosure when such note was not used, prepared, possessed or retained for use in the conduct, transaction, or performance of official duties. See also La. Atty. Gen Op. Nos. 79-242 which stated that only the documentsrelevant to the functioning of the public body were subject to public access and 90-364, which opined that only those writings used in the performance of the functions of the public body should be classified as public records. Citing Bartels v. Roussel, 303 So.2d 833.
Taking into account the intent of the Public Records Act to keep people informed with respect to governmental affairs, and the clear and unambiguous language defining a "public record" in La.R.S. 44:1
(A)(2)(a), it follows e-mails of a purely personal nature *Page 3 
received or transmitted by a public employee which have no relation to any function of a public office are not "public records" as described by the Public Records Act.[5]
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
Emalie A. Boyce
Assistant Attorney General
JDC: EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984); Landisv. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] Bartels v. Roussel, 303 So.2d 833, 836 (La.App. 1 Cir. 1974).
[4] Id.
[5] Although not binding on Louisiana courts, we note that similar conclusions have been reached by other states. See Schill v. WisconsinRapids School District, 2010 WI 86, 787 N.W.2d 177 (Personal e-mails are not a part of government business simply because they are sent and received on government e-mail and computer systems); Howell EducationAssociation v. Howell Board of Education, 2010 WL 290515 (Mich.App. 1/26/10) (For the e-mails at issue to be public records, they must have been stored or retained by the public body in the performance of an official function.); Associated Press v. Canterbury, 224 W.Va. 708,688 S.E.2d 317 (2009) (A personal e-mail which does not relate to the conduct of a public body's business is not a "public record" under West Virginia's public records law.); Griffis v. Pinal County, 215 Ariz. 1,156 P.3d 418 (2007) (Public records are those records with a "substantial nexus" to a government agency's activities; the definition of public records does not encompass documents of a purely private or personal nature); Pulaski County v. Arkansas Democrat-Gazette, Inc., 370 Ark. 435,260 S.W.3d 718 (2007) (Not all e-mails on a government-owned computer are "public records" and the content must be examined on a case-by-case basis); Denver Publishing Company v. Board of County Commissioners of theCounty of Arapahoe, 121 P.3d 190 (Colo. 2005) (In finding certain personal e-mails were not subject to disclosure, the Colorado Supreme Court said the inquiry must be content-driven, stating the fact that a public employee or public official sent or received a message while compensated by public funds or using publicly owned equipment is insufficient to make the message a "public record."); State v. City ofClearwater, 863 So.2d 149 (Fla. 2003) (Personal e-mails do not fall within the definition of "public records" subject to disclosure simply due to the fact of their placement on a government-owned computer system.); State ex rel. Wilson-Simmons v. Lake County SheriffsDepartment, 82 Ohio St.3d 37, 693 N.E.2d 789 (1998) (When the e-mails do not serve to document the conduct of a public office's business, they do not fall within the definition of "public records" for purposes of the Ohio's public records laws.).