NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WARREN WOODWARD, *Plaintiff/Appellant,*

*v.*

ARIZONA CORPORATION COMMISSION, *Defendant/Appellee.*

No. 1 CA-CV 16-0695
FILED 10-3-2017

Appeal from the Superior Court in Yavapai County
No.  V1300CV201680047
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**REVERSED AND REMANDED**

APPEARANCES

Warren Woodward, Sedona
*Plaintiff/Appellant*

Arizona Corporation Commission Legal Division, Phoenix
By Brian Edward Smith, Robert W. Geake, Janet F. Wagner
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O H N S E N**, Judge:

**¶1**        Warren Woodward appeals the dismissal of his complaint seeking to compel the Arizona Corporation Commission to produce documents in response to his public records request.  For the following reasons, we reverse and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In December 2014, Woodward submitted a public records request to the Commission seeking documents relating to a "smart" meter study conducted by the Arizona Department of Health Services.  In response, the Commission produced more than 750 documents to Woodward, but redacted many of them.  In February 2016, Woodward filed a statutory special action in superior court challenging the Commission's response and requesting production of "secreted" public records.  *See* Ariz. Rev. Stat. ("A.R.S.") § 39-121.02 (2017).[1]  Soon thereafter, Woodward filed a motion seeking an *in camera* review of the documents the Commission had withheld or redacted.  In response to the motion, the Commission offered to produce the redacted documents for inspection by the court, and the court granted the motion.  The Commission then filed with the court a compact disc containing unredacted versions of the documents it had disclosed in redacted form.

**¶3**        On May 18, 2016, the superior court *sua sponte* issued an order finding it "appropriate to distribute the records" to Woodward and directed the clerk of the court to mail him the disc containing the unredacted documents.  The court further ordered that the parties not "distribute the records to any third parties without Court permission."[2]  A week later, the Commission moved for clarification, asking whether the court had rejected

---

[1]        We cite the current version of applicable statutes when no revision material to this decision has since occurred.

[2]        It is not clear why the superior court ordered the clerk to send Woodward a disc containing the unredacted versions of the documents.  An *in camera* review allows the superior court to make the necessary fact-specific inquiry while "maintaining the privacy of personal, non-public documents."  *Griffis v. Pinal County,* 215 Ariz. 1, 5, ¶ 15 (2007).  The nature of an *in camera* review is that the court performs the review in confidence, without allowing the party seeking disclosure to see the documents in the meantime.

its privilege arguments or instead intended by its order to allow Woodward to respond to those arguments. In response to the Commission's motion, Woodward stated he had "thoroughly evaluated the unredacted documents supplied by the Court." Noting the prior order forbade him from disclosing the documents to third parties, however, Woodward argued only "in general terms" that the Commission's privilege assertions were not well-founded.

¶4 The superior court granted the Commission's motion for clarification, ruling that as the party seeking production of public records, Woodward had "the burden of overcoming objections to documents based upon personal nature, attorney-client privilege, and legislative privilege." The court further ordered: "Plaintiff will respond specifically to the records objected to by the Defendant not later than August 31, 2016."

¶5 As directed by the court, Woodward then filed a 36-page response. He first pointed out correctly that under *Griffis v. Pinal County*, 215 Ariz. 1, 6, ¶ 16 (2007), a public agency that withholds documents from disclosure has the burden to establish a privilege claim, not the other way around. He then discussed the privileges asserted as to each of the redacted documents, arguing the Commission's privilege assertions were invalid. For example, he argued that public employee's names cannot be withheld as "personal information"; that there is no public-entity privilege for "company sensitive information" short of a trade secret or proprietary information; that an email joke that proves to be embarrassing in retrospect may not be protected as "personal information"; and that there is no public-entity "state of mind" privilege.

¶6 Shortly thereafter, and before any further ruling by the court, the Commission moved to dismiss Woodward's complaint as moot, asserting that because Woodward "had the full benefit of seeing the unredacted documents, and has disclosed much of their content in the public record, there seems no further benefit to be obtained from any continued litigation in this matter." Over Woodward's objection, the court granted the motion. Its dismissal order stated: "CONFIRMING the parties will not distribute the records that are the subject of this action to any third party without prior Court permission."

¶7 The superior court entered a final judgment, *see* Ariz. R. Civ. P. 54(c), and Woodward timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶8** Woodward argues the court's *sua sponte* order barring him from disclosing the documents he received on the compact disc is an unconstitutional prior restraint. He also argues the superior court erred by dismissing his complaint as moot without addressing his contention that the Commission improperly withheld ("secreted") documents from disclosure. We review *de novo* a superior court's dismissal of a complaint. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).

**A.     Order Prohibiting Further Disclosure.**

**¶9** Initially, the Commission argues Woodward waived this issue by failing to raise it in response to its motion to dismiss. Generally, a party must timely present legal theories to the superior court to give it an opportunity to rule. *E.g., Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 17 (App. 2007) (citation omitted). In this case, however, the May 18 order initially barring disclosure was interlocutory, and the Commission did not ask the court to continue the prohibition when it moved to dismiss Woodward's complaint. Further, contrary to the Commission's arguments, the Arizona Rules of Civil Procedure did not require Woodward to move for a new trial or to alter or amend a judgment to preserve the issue for appeal. *See* Ariz. R. Civ. P. 59(a), (d).

**¶10** A prior restraint is an administrative or judicial order "forbidding certain communications . . . issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis omitted) (citation omitted). A prior restraint is "the most serious and least tolerable infringement on First Amendment rights." *Nash v. Nash*, 232 Ariz. 473, 481, ¶ 32 (App. 2013). Such an order carries a "heavy presumption" of invalidity that may be overcome only if it is narrowly tailored to achieve a compelling state interest. *Id.* (citations omitted); *see also Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (even content-neutral injunctions should not burden more speech than necessary to serve significant government interest); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983).

**¶11** On appeal, the Commission argues the "no distribution" order served a compelling state interest in restraining disclosure of non-public records. But even accepting for purposes of argument that the public interest might allow a prior restraint on disclosure of documents obtained from a public entity's files, *see New York Times v. United States*, 403 U.S. 713

(1971), the superior court made no findings that might support its order restraining Woodward from making the documents public.

¶12　　　　The Commission also argues the unclean hands doctrine precludes Woodward from "reap[ing] the benefit" of the First Amendment, contending that Woodward disclosed confidential information in the 36-page filing he made at the court's direction. But the Commission cites no authority for the proposition that "unclean hands" might constrain either the First Amendment or Arizona public records law. *Cf. Griffis*, 215 Ariz. at 5, ¶ 13 (presumption favoring disclosure applies to public records; when necessary, court can perform balancing test to determine whether privacy, confidentiality or best interests of state outweigh presumption). In any event, the doctrine does not apply here as a factual matter. Woodward requested an *in camera* review, *see Griffis,* 215 Ariz. at 6, ¶ 16, but instead, the superior court gave him the documents and ordered that he "respond specifically to the records objected to." The Commission did not request, nor did the court order, that Woodward file his response under seal.

## B.　　"Secreted Records."

¶13　　　　Woodward also argues the superior court erred by dismissing his complaint without resolving his claim that the Commission had "secreted" certain records rather than produce them in response to his request. In response to Woodward's complaint, the Commission had the burden to show "it adequately searched" for responsive documents, which can be done by reliance "on affidavits or declarations that provide reasonable detail of the scope of the search." *Phoenix New Times, L.L.C. v. Arpaio*, 217 Ariz. 533, 539, ¶ 16 (App. 2008) (citation omitted); *see also Hodai v. City of Tucson,* 239 Ariz. 34, 44, ¶ 32 (App. 2016) ("[T]he agency must demonstrate its search was reasonably calculated to uncover all relevant documents.") (internal quotation and citation omitted).

¶14　　　　Although the Commission argues at length on appeal that as a factual matter, it made a good faith effort to comply with Woodward's public records request, those facts are for the superior court to rule on in the first instance, not this court. Contrary to the Commission's contention, Woodward's complaint alleged facts sufficient to state a claim that the agency failed to disclose documents subject to disclosure under the public records law. Accordingly, the court erred by dismissing the complaint without resolving Woodward's claim that the Commission failed to produce public record documents.

## CONCLUSION

¶**15** For the foregoing reasons, we reverse and remand the judgment for proceedings consistent with this decision. We award costs to Woodward upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA