NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHNSON UTILITIES L.L.C., *Plaintiff/Appellant*,

*v.*

TOWN OF QUEEN CREEK, *Defendant/Appellee*.

ARIZONA CORPORATION COMMISSION, *Intervenor/Appellee*.

No. 1 CA-CV 18-0201
FILED 2-26-2019

Appeal from the Superior Court in Maricopa County
No. CV 2018-005640
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Fredenberg Beams, Phoenix
By Daniel E. Fredenberg, Christian C. M. Beams
*Counsel for Plaintiff/Appellant*

Dickinson Wright PLLC, Phoenix
By Scott A. Holcomb, David J. Ouimette, Holly M. Zoe
*Counsel for Defendant/Appellee*

Arizona Corporation Commission, Phoenix
By Andy M. Kvesic, Maureen A. Scott
*Counsel for Intervenor/Appellee*

Ballard Spahr LLP, Phoenix
By David J. Bodney, Chase A. Bales
*Counsel for Amicus Curiae Phoenix Newspapers Inc., KPNX-TV Channel 12, Scripps Media, Inc. and Meredith Corporation*

-------------------------

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

-------------------------

**P E R K I N S**, Judge:

**¶1**          A utility company brought this action seeking declaratory relief that a nondisclosure agreement it entered into with a town prevented the town from producing certain documents for a public records request. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**          We conduct our review based on the record made in the trial court, considering only the evidence presented to the trial court. *See Vig v. Nix Project II P'ship*, 221 Ariz. 393, 396, ¶ 10 (App. 2009).

**¶3**          In September 2017, the Town of Queen Creek ("Town") began talks with Johnson Utilities, LLC ("Johnson") for the purpose of entering into a "transaction of mutual interest." Toward this end, Johnson and the Town agreed to a Mutual Nondisclosure Agreement ("Agreement") that allowed the parties to exchange documents, and also defined several classes of documents as "Confidential Information."

**¶4**          Johnson delivered some documents to the Town via a File Transfer Protocol ("FTP") server. In December 2017, the Town decided to stop pursuing the transaction and canceled future meetings. The parties apparently then stopped communicating on this matter for several months.

**¶5**          On March 16, 2018, Commissioner Andy Tobin of the Arizona Corporation Commission ("Commission") sent a letter to the Town requesting any communications between the Town and Johnson. The Town treated this letter as a public records request, *see* Arizona Revised Statutes ("A.R.S.") Title 39, and, pursuant to the Agreement, alerted Johnson of its intention to disclose documents to the Commission. Johnson responded

that it believed some of the documents were protected from disclosure under the Agreement and demanded that the Town delete the information from the FTP server.

**¶6**        On April 6, 2018, Johnson filed the instant suit after the Town refused to delete the disputed documents. Johnson also requested a temporary restraining order ("TRO") against the Town to prevent it from disclosing any documents to the Commission until resolution of the suit. The trial court enjoined the Town from disclosing any documents until a scheduled hearing for a TRO. The Commission made an appearance in the case before the hearing.

**¶7**        On April 12, 2018, the parties and trial court agreed to consolidate the TRO hearing with the merits of the case. The court did not take testimony but received exhibits and considered the arguments of counsel. The trial court then issued an order in which it held that the disputed documents were public records and that it did not have the authority to direct the Town to withhold the disputed documents. The trial court also issued a limited TRO against disclosure of the documents to allow Johnson time to appeal. Johnson filed the instant appeal and we stayed the expiration of the TRO pending its resolution.

## DISCUSSION

**¶8**        "Public records and other matters in the custody of any officer shall be open to inspection by any person at all times during office hours." A.R.S. § 39-121. Our courts employ a two-step process to determine whether a government agency must disclose a disputed document. *Griffis v. Pinal Cty.*, 215 Ariz. 1, 5, ¶¶ 12–13 (2007). When the party opposing disclosure raises a "substantial question" about a document's status, the court must first determine that the document is a public record and thus subject to the public records statute. *Id.* at ¶¶ 13, 15. If so, "the public records law creates a strong presumption in favor of disclosure." *Id.* at ¶ 12. The party opposing disclosure may overcome this presumption with a showing that the "countervailing interests of confidentiality, privacy or the best interests of the state" override the disclosure policy. *Carlson v. Pima Cty.*, 141 Ariz. 487, 491 (1984); *Salt River Pima-Maricopa Indian Cmty. v. Rogers*, 168 Ariz. 531, 537–38 (1991). Each step presents an issue of law that we review *de novo*. *Lunney v. State*, 244 Ariz. 170, 174, ¶ 6 (App. 2017).

**¶9**        As to the first step, the "party claiming that the disputed documents are not public records bears the burden of establishing its claim." *Griffis*, 215 Ariz. at 6, ¶ 16. Public records are those that are

"reasonably necessary or appropriate to maintain an accurate knowledge of [an officer's or public body's] official activities" and any activities "supported by monies from this state or any political subdivision of this state." A.R.S. § 39-121.01(B). As relevant here, these include

> documentary materials, regardless of physical form or characteristics . . . made or received by any governmental agency in pursuance of law or in connection with the transaction of public business and preserved . . . by the agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the government . . ..

A.R.S. § 41-151.18; *see also* § 39-121.01(B). Public records also include three common-law categories: those records made by a public official for the dissemination of information; those records that agencies and officials keep as directed by law in the discharge of official duties or as evidence of official conduct; and any written record of transactions of an agency or officer kept as a convenient and appropriate method of discharging official duties, even if not required by law. *Salt River*, 168 Ariz. at 538–39 (quoting *Matthews v. Pyle*, 75 Ariz. 76, 78 (1952)).

¶10　　　For a court to hold that a document is not a public record, the party opposing disclosure must show that the document is personal or private or has no "substantial nexus" with government activities. *Salt River*, 168 Ariz. at 541 (1991). To determine this, the court must consider the "nature and purpose" of the document, which requires a "content-driven" and "fact-specific" inquiry. *Griffis*, 215 Ariz. at 4–5, ¶¶ 10, 15. In conducting this inquiry, the trial court should review the disputed documents *in camera*. *Griffis*, 215 Ariz. at 5, ¶ 15; *Carlson*, 141 Ariz. at 490–91; *Matthews*, 75 Ariz. at 81; *Lunney*, 244 Ariz. at 179, ¶ 29.

¶11　　　As to the second step, the party opposing disclosure bears the burden "to overcome the legal presumption favoring disclosure." *Cox Ariz. Publ'ns, Inc. v. Collins*, 175 Ariz. 11, 14 (1993). To do so, the party must "specifically demonstrate how production of the documents would violate rights of privacy or confidentiality," or how disclosure would be detrimental to the state's best interests. *Id.* The party may not rely on "global generalities" of possible harm, but must specifically demonstrate how disclosure of particular information will adversely affect the party's rights regarding one of the three countervailing interests. *Judicial Watch, Inc. v. City of Phoenix*, 228 Ariz. 393, 399–400, ¶¶ 29–30 (App. 2011).

**¶12** Johnson argues the Agreement controls, that it classifies all the disputed documents as confidential, and accordingly the Town cannot disclose any documents Johnson provided under the Agreement. A party cannot enforce a term of a contract requiring an act which is illegal or contrary to public policy. *Green Cross Med., Inc. v. Gally*, 242 Ariz. 293, 296, ¶ 10 (App. 2017). Thus, the Agreement is void to the extent that it would require the Town to take actions contradictory to Arizona's public records law. The same is true for the Agreement's definition of "Confidential Information": insofar as it would prevent the Town from disclosing documents that it should otherwise disclose under the public records law, the Agreement does not control here. *Moorehead v. Arnold*, 130 Ariz. 503, 505 (App. 1981) ("The promise of confidentiality standing alone is not sufficient to preclude disclosure. If the promise of confidentiality were to end our inquiry, we would be allowing a city official to eliminate the public's rights under A.R.S. [§] 39-121.") (citation omitted); *see also Am. Power Prod., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 370, ¶ 22 (2017) (parties are free to define terms "[a]s long as the contract is legal and enforceable").

**¶13** Johnson has not raised a substantial question of whether the documents at issue are public records. Although the disputed documents are not part of the record before us, the burden was on Johnson to establish its claim that they are not public records. *Griffis*, 215 Ariz. at 6, ¶ 16. Johnson and the Town—each of whom have access to all the disputed documents—agree that Johnson provided the documents to the Town in furtherance of their negotiations for the Town to buy utility operations from Johnson. This means the parties agree that the disputed documents are documentary materials received by a government agency in connection with the transaction of public business and preserved by the agency as evidence of governmental activities. The documents thus fall squarely within the statutory definition of public records. A.R.S. §§ 41-151.18, 39-121.01(B).

**¶14** The trial court stated in its judgment that the countervailing interests "exception allows a public body to restrict access in certain circumstances but does not authorize the court to direct the public body to do so." This is incorrect. Arizona case law allows the agency or officer to determine whether an exception applies "in the first instance . . . but under no circumstances should [that] determination be final. It rests within the jurisdiction of the courts of the state to determine these questions." *Matthews*, 75 Ariz. at 81; *see also Griffis*, 215 Ariz. at 5, ¶ 15 ("In camera review of disputed documents also reinforces [the Arizona Supreme] Court's previous holding that the courts, rather than government officials, are the final arbiter of what qualifies as a public record.").

**¶15**		Johnson failed to demonstrate specifically how the release of these records will adversely affect its rights of privacy or confidentiality, or the state's best interests. As evidence of confidentiality, Johnson directs our attention to the Agreement and the fact that it transferred files via an FTP server. As stated above, the Agreement does not control here; that the files are on an FTP server is legally irrelevant. A.R.S. § 41-151.18 ("regardless of physical form or characteristics"). The parties have also made oblique references to the "Carollo Report" that apparently identifies where the current utility infrastructure does not meet the Town's standards. Johnson has not specifically identified what, if anything, in that report would negatively affect its privacy or confidentiality and has instead offered only global generalities of possible harm. *See Judicial Watch*, 228 Ariz. at 399–400, ¶ 29.

**¶16**		The parties allayed our remaining privacy and confidentiality concerns at oral argument. In its opening brief, Johnson stated that the public records "include confidential customer information, among other things." The Town, however, represented to this Court that the records do not include customer names or other private customer information but rather more generalized, aggregated information. The Town also informed this Court that it redacts any confidential, personally-identifying information through its normal public records processing. The Commission, as the requestor, likewise informed us that it would not seek such information and did not believe such information was within the scope of its request. To the extent the records contain any personally-identifying information, we are satisfied the Town will redact it in accordance with Arizona public records law before disclosing the records. *See* A.R.S. § 39-121.01(D)(2) (privilege log); *Hodai v. City of Tucson*, 239 Ariz. 34, 43, ¶ 27 (App. 2016) (redaction is one part of the administrative burden of producing public records).

**¶17**		All three parties have requested their attorney fees and costs on appeal. The Agreement allows for the award of attorney fees to the prevailing party of any action brought to enforce or interpret the Agreement. Johnson brought this action to enforce the Agreement. We award reasonable attorney fees and costs on appeal to the Town and the Commission in an amount to be determined upon their compliance with Arizona Rule of Civil Appellate Procedure 21. *See Maricopa Cty. v. Maricopa Cty. Mun. Water Conservation Dist. No. 1*, 171 Ariz. 325, 332 (App. 1991).

## CONCLUSION

**¶18** We affirm the trial court's judgment. The temporary restraining order as set forth in the trial court's April 13, 2018 judgment shall remain in effect until this Court issues the mandate.

